**James HANTON, Plaintiff–Appellant,**

v.

**Officer MATHIAU, et al., Defendants–Appellees.**

**Docket No. 00–0291.**

United States Court of Appeals, Second Circuit.

March 13, 2002.

James Hanton, Somers, CT, pro se.

Steven R. Strom, Esq., Peregrine Alaban Zinn–Rowthorn, Esq., Attorney General's Office, State of Connecticut, Hartford CT, for Defendants–Appellees.

Present SACK, B.D. PARKER, GIBSON,* Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED

---

* Of the United States Court of Appeals for the    Eighth Circuit, sitting by designation.

**AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff James Hanton, *pro se* and incarcerated, appeals from the judgment of the district court granting summary judgment to the defendants on his claim, brought pursuant to 42 U.S.C. § 1983, that his First Amendment rights were violated when defendants prevented him from attending Islamic services at MacDougall Correctional Institute on August 7, 1997, and for a three-week period in October 1997.

The district court found that Hanton had provided evidence that he had exhausted his remedies under the Connecticut Department of Correction grievance procedure with respect to the alleged denials of services on August 7 and October 10 and 11, 1997, but that Hanton had not filed any institutional grievances with regard to any other dates in the three-week period in October 1997 during which he claimed he was prevented from attending services. Accordingly, citing 42 U.S.C. § 1997e(a), the district court granted the defendants' motion for summary judgment on Hanton's claims that the defendants prevented him from attending religious services on October 9, 1997 and October 12 through October 30, 1997.

The district court then turned to the merits of Hanton's free exercise claims with respect to which it had found that he had exhausted his administrative remedies, *i.e.*, his claims that he was denied religious services on August 7 and October 10 and 11, 1997. The district court dismissed Hanton's claim that he was denied services on October 11 for failure to allege the defendants' personal involvement. As for Hanton's claims that he was denied religious services on August 7 and October 10, 1997, the district court held that "the plaintiff was not deprived of reasonable opportunities to practice his religion by being unable to attend congregate religious services on two days during a three month period in 1997 and that the defendants did not violate his First Amendment right to practice his religion."

We review the district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party. See *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir.1999), *cert. denied,* 529 U.S. 1098, 120 S.Ct. 1832, 146 L.Ed.2d 776 (2000). Summary judgment is required where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law," Fed.R.Civ.P. 56(c), *i.e.,* "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* We resolve all ambiguities and factual inferences in favor of the nonmoving party, but require the non-movant to come forward with specific facts creating a genuine issue for trial rather than simply offer conclusory allegations. *See Matsushita,* 475 U.S. at 585–87, 106 S.Ct. 1348.

Having reviewed the district court's decision *de novo,* we agree that there are no genuine issues of material fact and that summary judgment was properly granted for the defendants.

Accordingly, for the reasons stated herein and in the district court's opinion, *see Hanton v. Mathiau,* 98–cv–1388 (D.Conn.

Sept. 19, 2000), the judgment of the district court is hereby AFFIRMED.